**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark David Brown, | No. CV-21-00050-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Peter Basznianyn, et al., | |
| Defendants. | |

Plaintiff, acting pro se, files this action, pursuant to 42 U.S.C. § 1983, alleging civil rights violations based on an alleged altercation at the Pima County Jail. Plaintiff is not in custody.  *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) (exempting from Rule 26 initial disclosure requirements actions brought without an attorney by a person in custody); LRCiv. 16.2(b)(2)(B) (setting case management deadlines for cases designated on the detainee track). A scheduling conference has not been held because Plaintiff is not represented by counsel. The following Scheduling Order, entered pursuant to Fed.R.Civ.P. 16, shall govern the course of this action:

**IT IS ORDERED** that the parties abide by the following schedule and rules:

1.      The parties are referred to Federal Rule Civil Procedure, Rule 15(a) for any amendment to the pleadings, including those to join parties.

2.      The parties made their initial disclosures on or before July 30, 2021.

3.      The Plaintiff shall disclose any expert witness and their reports to the Defendant on or before: **October 9, 2021**. The Defendant shall have 30 days from the date

of Plaintiff's expert witness disclosure to disclose any experts and their reports.  Plaintiff may have 15 days, thereafter, to disclose any rebuttal expert opinions.

4.  Discovery shall be completed by: **January 30, 2022.**

The parties are reminded that they are not to file the actual disclosures with the Court, just the notices of disclosure, pursuant to the Rules of Practice of the United States District Court for the District of Arizona (Local Rules), LR Civ.5.2.  Discovery is governed by the Federal Rules of Civil Procedure in regard to limitations on interrogatories and depositions.  Leave of Court is required for any divergence from the federal rules. Interrogatories must be submitted sufficiently in advance to permit the opposing party to answer before the discovery deadline, thereby giving the party submitting the interrogatories sufficient time to undertake discovery made necessary by the answers.

In the event of a dispute over discovery matters, counsel are cautioned to first engage in personal consultation regarding the dispute and to make a sincere effort to resolve the conflict.  See LR Civ. 7.2(j).  Counsel should act to resolve discovery disputes quickly.  If such efforts fail, Counsel should then jointly call the Judge's law clerk to arrange a schedule for resolving the dispute expeditiously.

5.  Dispositive motions shall be filed by:  **March 2, 2022.** Counsel are reminded that all motions, memoranda, and pleadings submitted for the Court's review and decision must comply with the filing, time, and form requirements of the Local Rules.

Pursuant to LR Civ. 7.2(i), failing to file the requisite responsive memorandum or failing to appear at oral argument may be deemed a consent to the granting or denial of a motion, and the Court may dispose of the motion summarily.

Dispositive motions shall be set for oral argument at the request of counsel.  All other motions shall be set for oral argument, if requested by counsel, at the discretion of the Court.  A party desiring oral argument on a motion shall request argument by placing "Oral Argument Requested" immediately below the title of the motion or response, pursuant to LR Civ. 7.2(f).

When any pleadings or memoranda are appended with more than one exhibit, the

exhibits shall be divided by tabbed dividers, and there shall be a table of contents for the exhibits. All documents submitted to the Court shall have two holes punched at the top-center using a standard two-hole punch.  Additionally, all documents shall be secured on the left-hand side either by a staple or in some other fashion so that pages can be turned without the document falling apart.  This applies to an original filed under seal and all copies.  JUDGE'S COURTESY COPIES ARE REQUIRED, which "shall reference[] the specific document number, [and] shall be printed directly from CM/ECF." See LR Civ. 5.4; Administrative Policies and Procedures Manual § II.D (emphasis added).

6.   The parties shall file their joint proposed pretrial order by: **April 6, 2022.** In the event that dispositive motions are filed, the joint proposed pretrial order will be due 30 days after the Court has decided the motions.  A sample form of the pretrial order is attached.

7.   The pretrial conference will be set upon receipt of the joint proposed pretrial order.  The attorneys responsible for trial of the lawsuit shall appear and participate in the Pretrial Conference.  At the pretrial conference the Court will set the deadlines for filing and disposing of the following matters: proposed voir dire, jury instructions, trial memorandum, deposition testimony to be used at trial, and motions in limine.

8.   This matter shall be tried to a jury.  The trial date will be set at the Pretrial Conference.

9.   Court imposed case management deadlines cannot be extended by counsel without Court approval.  Continuances will not be freely granted.  Any requests for extensions must be made in writing and made prior to the expiration of the time prescribed. The request must identify whether it is opposed, the number of prior continuances requested, the discovery conducted to date, the anticipated discovery to be done if the request is granted, and the reasons why discovery has not been completed within the deadline.  Motions to continue any Court imposed deadlines must be accompanied by a form of order for the Court's signature. The form of Order must be in Word.  It must comply with LR Civ. 7.1(b) (2) and be emailed to: bury_chambers@azd.uscourts.gov.

10.   In order to assist and promote settlement of the cases pending before this Court, cases may be referred for settlement conferences.  Should the parties wish to participate in a Settlement Conference, they are directed to contact the law clerk assigned to the case.

Dated this 13th day of September, 2021.

Honorable David C. Bury
United States District Judge

**FORM OF PRETRIAL ORDER**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| Plaintiff, | ) ) ) ) |
| v. | )   CV          TUC DCB ) |
|  | )   **JOINT PROPOSED PRETRIAL ORDER** ) |
| Defendant. | ) ) |

(Although the text of the pretrial order appears in single space, the actual order submitted by the parties must be double spaced and conform in all other respects to the Local Rules.)

The following are pretrial proceedings in this cause as agreed to by the parties and approved by the Court:

I. <u>NATURE OF ACTION</u>
This is an action for: (Short concise statement of the case, including the nature of the action and the relief sought.)

II. <u>STATEMENT OF JURISDICTION</u>
Statement of jurisdiction: (state the claims and cite the statutes which give this Court jurisdiction over each claim.)

III. <u>CONTESTED ISSUES OF LAW/FACT</u>
State the ultimate issues of fact and law which must be decided at trial. State only the issues of fact and law necessary and material for a verdict in this case. Each issue must be stated separately and specifically.

IV.  <u>LIST OF EXHIBITS</u>
Each party shall list the exhibits it intends to offer at trial.

V.  <u>LIST OF WITNESSES</u>
Each party shall list the witnesses it intends to call at trial.

VI.  <u>JURY TRIAL or BENCH TRIAL</u>
The parties shall state whether the trial is a jury or bench trial.

<u>For a Jury Trial</u>
At the Pretrial Conference, the Court will direct the parties to file proposed voir dire, objections to exhibits, deposition testimony, stipulated jury instructions, stipulations, counsel's additional proposed jury instructions, motions in limine, and trial memoranda 20 days prior to trial.  Any opposition shall be filed five days thereafter.

<u>For a Bench Trial</u>
At the Pretrial Conference, the Court will direct the parties to file trial briefs, objections to exhibits, motions in limine, stipulations, and proposed findings of fact and conclusions of law 20 days prior to trial.  Any opposition shall be filed five days thereafter.

VII.  <u>PROBABLE LENGTH OF TRIAL</u>
Each party shall identify the estimated length of time it will take to present its case.

**VIII.  <u>CERTIFICATION</u>**
**The undersigned counsel for each of the parties in this action do hereby approve and certify the form and content of this proposed Joint Pretrial Order.**

_____                    _____

Attorney for Plaintiff                                              Attorney for Defendant